United States District Court
Southern District of Texas

**ENTERED**

April 27, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Clemmie Elnora St. Amand, Heir and Successor in Interest to Frances St. Amand, Deceased, | § § § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:26-cv-00802 |
| v. | § § § | |
| EKRE of TX, LLC, | § § | |
| *Defendant.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

This is a title dispute case. Plaintiff Clemmie Elnora St. Amand ("Clemmie") filed a motion to remand, Dkt. 5, and Defendant EKRE of TX, LLC ("EKRE") filed a motion to dismiss Clemmie's claims pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. 7. After carefully considering the motions, the responses, Dkts. 6, 11, the record, and the applicable law, it is recommended that Clemmie's motion to remand (Dkt. 5) be denied and EKRE's motion to dismiss (Dkt. 7) be granted.

## Background

The pertinent facts are taken from the pleadings and records of which this Court takes judicial notice. *See Canada v. United States*, 950 F.3d 299, 313 n.16 (5th Cir. 2020) (judicial notice of records in prior related proceedings);

Fed. R. Evid. 201(b)(2), (d) (authorizing judicial notice "at any stage of the proceeding" of facts "not subject to reasonable dispute" that are "readily determined from sources whose accuracy cannot reasonably be questioned").

Clemmie brings this suit as heir and successor-in-interest to her mother, Frances St. Amand ("Frances"), who passed away on March 27, 2025.  Dkt. 1-3 at 3.  Frances had owned property at 3401 Le Badie Street, Houston, Texas (the "Property").  *Id.*  In 2019, Frances executed a revocable transfer on death deed naming Clemmie as primary beneficiary.  *Id.*  But in 2022, according to Clemmie, EKRE fraudulently induced Clemmie to convey the Property to it under "false pretenses … representing the arrangement as a debt-relief or loan program" while assuring Clemmie that Frances would retain ownership of the Property.  *Id.*  Clemmie also accuses EKRE of creating and recording documents with forged signatures and false notary acknowledgments.  *Id.* Since then, EKRE has repeatedly attempted to evict Clemmie from the Property and recently issued a notice to vacate.  *Id.*

But in 2024, Frances's granddaughter, Bria Ratcliff, purporting to act as Frances's attorney-in-fact, brought a lawsuit challenging the same conveyance to EKRE.  *See Ratcliff v. EKRE of TX, LLC*, 2025 WL 3657315, at *1 (S.D. Tex. Nov. 25, 2025), *adopted by* 2025 WL 3655196 (S.D. Tex. Dec. 17, 2025) (the "*First Suit*").  The *First Suit* alleged that EKRE "stole away [Frances's] real property with consideration that falls egregiously short of just and fair

compensation," and sought recission of the conveyance, return of the Property in fee simple absolute, and a declaration that the documents signed by Frances or "anyone allegedly acting on her behalf ... [are] null and void." *Id.*

Because Ratcliff was not a licensed attorney and lacked the authority to represent Frances in the *First Suit*, this Court issued an order directing Frances—whom it noted was the "sole plaintiff in this lawsuit"—to either file a notice that she intended to represent herself *pro se* or to hire an attorney who would enter an appearance on Frances's behalf. *Id.* After Frances failed to comply with that order, the Court dismissed the case with prejudice on December 17, 2025, for failure to prosecute. *Ratcliff*, 2025 WL 3655196, at *1.

A few weeks later, Clemmie filed this new suit in state court challenging the same conveyance to EKRE. *See* Dkt. 1-3 at 2-4 (filed January 6, 2026). Clemmie asserts claims for quiet title, fraud and fraud in the inducement, and a declaratory judgment that cancels or voids EKRE's instruments, and an injunction that precludes EKRE from interfering with Clemmie's possession of the Property. *See id.* at 3-4.

EKRE promptly removed the action to this Court. Dkt. 1. Clemmie moved to remand, Dkt. 5, and EKRE responded, Dkt. 6. EKRE then filed a motion to dismiss Clemmie's claims under Rule 12(b)(6), Dkt. 7, to which Clemmie responded, Dkt. 11. The motions are ripe for resolution.

<u>Analysis</u>

Based on uncontroverted and judicially-noticeable facts, diversity jurisdiction is proper, and this suit is barred on the merits. Contrary to Clemmie's contention, EKRE has established that this suit well exceeds the amount in controversy necessary to satisfy 28 U.S.C. § 1332. And EKRE is correct that Clemmie, a successor-in-interest to the Property, cannot relitigate the same claims that were raised or could have been raised in the *First Suit*. Accordingly, this Court should deny Clemmie's motion to remand and grant EKRE's motion to dismiss all claims.

## I.   <u>Removal was proper based on diversity jurisdiction.</u>

Clemmie argues that remand is warranted because EKRE failed to show that this dispute meets the jurisdictional minimum for diversity jurisdiction. Dkt. 5 at 1-2. EKRE responds that public records confirm its allegation that the amount-in-controversy exceeds $75,000. Dkt. 6 at 3. For the reasons below, EKRE is correct.

### A.   **Legal standard for removal**

A state court action can be removed to federal court if the action could originally have been filed in federal court. 28 U.S.C. § 1441(a). The sole asserted basis for removal here is 28 U.S.C. 1332(a)(1), which authorizes federal courts to hear cases "where the matter in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." *See* Dkt. 1 at 2-4 (notice of removal).

The removal statute must "be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam). "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The party invoking federal jurisdiction "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Jurisdiction must be established "by competent proof," *see Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010), based on "summary judgment type evidence," *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quotation omitted).

## B.    Diversity jurisdiction exists.

Clemmie does not dispute that the parties are citizens of different states. Indeed, the record confirms that the parties' citizenships are diverse because Clemmie is a natural person domiciled in Texas, *see* Dkt. 1 at 3, and the owners of the LLC that owns EKRE are natural persons domiciled in New York, *see id. See SXSW, LLC v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (natural person's citizenship is determined by state of domicile); *Harvey v. Grey Wolf*

*Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (LLC's citizenship is determined by citizenship of "all of its members").

Rather, the only dispute is whether Clemmie's claims exceed the jurisdictional minimum. Because she seeks a declaration and injunction to void EKRE's interests in the Property, *see* Dkt. 1-3 at 3-4, the answer is yes.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 849 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)). "In such cases, courts generally use the county appraisal district's market valuation to determine the amount in controversy." *Mosley v. NewRez Mortg. LLC*, 2022 WL 1750635, at *2 (S.D. Tex. May 4, 2022), *adopted by* 2022 WL 1747023 (May 31, 2022).

Here, the original petition asserts that EKRE's instruments are "forged and fraudulent" and asks that they be declared void and "cancelled." Dkt. 1-3 at 3. By questioning ERKE's interests in the Property, Clemmie's claims put into controversy the Property's value. Public records supplied by EKRE reflect that the Property's appraised value even before removal was $231,948. Dkt.

6-1 at 2 (Harris County Appraisal District report as of April 21, 2025). That satisfies EKRE's burden to show that the amount in controversy exceeds the $75,000 jurisdictional minimum under 28 U.S.C. § 1332(a)(1). Clemmie's motion to remand should be denied.

## II.　*Res judicata* **bars this suit.**

Moving to dismiss, EKRE argues that this suit is barred by *res judicata*. Dkt. 7 at 7-9. Clemmie responds that *res judicata* does not apply because she was not a party to and asserts claims that differ from those in the *First Suit*. Dkt. 11 at 3. Neither of those contentions is sufficient to avoid the *First Suit*'s preclusive effect.

### A.　**Legal standard for dismissal under Fed. R. Civ. P. 12(b)(6)**

To survive dismissal under Rule 12(b)(6), a party must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

An affirmative defense—like *res judicata*—can provide grounds for dismissal under Rule 12(b)(6) if the defense is established on the face of the pleadings. *See Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *see also, e.g.*, *Pie Dev., LLC v. Pie Carrier Holdings,*

*Inc.*, 128 F.4th 657, 661 (5th Cir. 2025) (recognizing that "courts may sua sponte address res judicata at the motion to dismiss stage"). When conducting this inquiry, the Court can consider documents referenced and incorporated in the complaint and any facts for which judicial notice is appropriate. *See Funk v. Stryker Corp.*, 631 F.3d 777, 782-83 (5th Cir. 2011) (affirming judicial notice of publicly available documents containing matters of public record when resolving Rule 12(b)(6) motion).

### B. As a successor-in-interest to the Property, Clemmie cannot challenge the same conveyance addressed in the *First Suit*.

EKRE argues the *First Suit* is preclusive. Dkt. 7 at 7-9. "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Texas's preclusive principles govern this case because jurisdiction is premised on diversity of citizenship. *See Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) ("[F]ederal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interests.") (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)).

Under Texas law, res judicata requires "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims as were

raised or could have been raised in the first action." *Cox v. Nueces Cnty.*, 839 F.3d 418, 421 (5th Cir. 2016) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)). These elements, although "articulated in a slightly different way," are substantively identical to the federal standard. *See Matter of 3 Star Props., LLC*, 6 F.4th 595, 604-05 (5th Cir. 2021).

Clemmie does not dispute the first element of *res judicata*, namely that this Court had jurisdiction when entering a final judgment in the *First Suit*. In its order dismissing Frances's claims, this Court found that diversity jurisdiction was proper. *See Ratcliff*, 2025 WL 3657315, at *1 (noting diversity jurisdiction under 28 U.S.C. § 1332(a)). And that decision was a final judgment on the merits. *See id.* (dismissing Frances's claims with prejudice for failure to prosecute); *see also Bouler v. Trans Union, LLC*, 2019 WL 6255572, at *2 (S.D. Tex. Oct. 24, 2019) ("Generally, a Rule 41(b) dismissal for failure to prosecute a claim is with prejudice and constitutes an adjudication on the merits."), *adopted by* 2019 WL 6255332 (S.D. Tex. Nov. 15, 2019).

Regarding the second *res judicata* element, Clemmie contends that she was neither a party to nor in privity with Frances in the *First Suit*. Dkt. 11 at 3. Under Texas law, "privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation." *Amstadt*, 919 S.W.2d at 653. "Those in privity with a party may include persons who ... are successors in interest to the party." *Getty Oil Co. v. Ins. Co. of N. Am.*,

845 S.W.2d 794, 800 (Tex. 1992). "[A]ll persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action, and which accrued subsequent to the commencement of the action." *Kirby Lumber Corp. v. S. Lumber Co.*, 196 S.W.2d 387, 388 (Tex. 1946) (quotations omitted).

Clemmie brings this suit as "heir and successor in interest" to Frances, who was the sole plaintiff in the *First Suit*. Dkt. 1-3 at 2. Having succeeded to Frances's interest in the Property underlying the *First Suit*, Clemmie stands in privity with Frances. *See Amstadt*, 919 S.W.2d at 653.

The last *res judicata* element is also met because Clemmie asserts claims that were or could have been raised in the *First Suit*. Texas has adopted the "transactional approach" under which a later suit "will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992).

Clemmie argues that her claims arise from "a distinct legal interest under a Transfer on Death Deed that was not adjudicated in the prior case." Dkt. 11 at 3. But *res judicata* compares the *subject matter* of the two suits, not the means through which Clemmie acquired the interest that she attempts to assert. And the subject matter of both suits is identical: both suits challenge the Property's conveyance to EKRE, asserting that EKRE's interest is invalid.

10

That satisfies the transactional test. Because the *res judicata* defense is established as a matter of law, this Court should grant EKRE's motion and dismiss Clemmie's claims.

**Recommendation and Order**

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Clemmie Elnora St. Amand's motion to remand (Dkt. 5) be **DENIED**.

It is further **RECOMMENDED** that Defendant EKRE's motion to dismiss (Dkt. 7) be **GRANTED**, and that, pursuant to Fed. R. Civ. P. 58(a), a separate final judgment be entered stating that Plaintiff Clemmie Elnora St. Amand's claims are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the initial conference previously scheduled for May 1, 2026 (Dkt. 4) is hereby **CANCELED.**

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on April 27, 2026, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

11